UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LEVAR E. DAVENPORT**                              **CIVIL ACTION**

**VERSUS**                                          **NO. 17-8106**

**TIMOTHY HOOPER**                                  **SECTION "H"(2)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and **DISMISSED WITH PREJUDICE** as procedurally barred.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.    FACTUAL BACKGROUND

The petitioner, Levar E. Davenport, is a convicted inmate currently incarcerated in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.² On July 14, 2014, Davenport was charged by bill of information in Orleans Parish with one count of being a felon in possession of a weapon, one count of possession with intent to distribute cocaine and one count of possession with intent to distribute marijuana.³ Davenport initially entered not guilty pleas to the charges on July 18, 2014.⁴

On November 19, 2014, Davenport withdrew his prior plea and entered guilty pleas to all three counts.⁵ The state trial court sentenced Davenport to concurrent terms of 10 years in prison on count one, 15 years in prison on count two and six months in prison on count three.⁶ At the same hearing, the State filed a multiple offender bill charging Davenport as a second felony offender, to which he entered a guilty plea.⁷ The

---

²Rec. Doc. No. 3.

³St. Rec. Vol. 1 of 2, Bill of Information, 7/14/14.

⁴St. Rec. Vol. 1 of 2, Minute Entry, 7/18/14.

⁵St. Rec. Vol. 1 of 2, Plea Minutes, 11/19/14; Plea Transcript, 11/19/14; Felony Waiver Constitutional Rights Plea of Guilty Form; 11/19/14.

⁶St. Rec. Vol. 1 of 2, Plea Minutes, 11/19/14; Plea Transcript, 11/19/14.

⁷St. Rec. Vol. 1 of 2, Plea Minutes, 11/19/14; Plea Transcript, 11/19/14; Multiple Bill (undated); Waiver of Constitutional Rights Plea of Guilty Multiple Offender, 11/19/14.

state trial court vacated the sentence as to count one and resentenced Davenport on that count as a second offender to serve 10 years in prison.[8]

Davenport's conviction became final 30 days later, on December 19, 2014, when he did not seek reconsideration of the sentence or pursue a direct appeal. Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); see Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under La. Code Crim. P. art. 914[9]).

On July 1, 2015, Davenport signed and submitted a motion in the state trial court seeking to correct his sentence based on his counsel's alleged ineffective assistance.[10] On July 14, 2015, the state trial court denied the motion as meritless.[11] Davenport did not seek review of this order.

---

[8] St. Rec. Vol. 1 of 2, Plea Minutes, 11/19/14; Plea Transcript, 11/19/14.

[9] The Cousin court recognized that failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of that period, citing State v. Counterman, 475 So.2d 336, 338 (La. 1985). At the time of Cousin, La. Code Crim. P. art. 914 required a criminal defendant to move for leave to appeal within five (5) days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide thirty (30) days for filing of the notice of appeal.

[10] St. Rec. Vol. 1 of 2, Motion to Correct an Illegal Sentence (dated 7/1/15).

[11] St. Rec. Vol. 1 of 2, Trial Court Judgment, issued 7/14/15 (incorrectly dated 11/17/14); Letter to Davenport, 7/14/15.

3

On January 19, 2016, Davenport signed and submitted to the state trial court an application for post-conviction relief, along with a second motion to correct his sentence and a motion to clarify his multiple offender sentence.[12] In the application for post-conviction relief, Davenport asserted that he was denied effective assistance of counsel when counsel advised him to plead guilty to the multiple bill without objecting to the multiple bill, the prior convictions or the sentence.[13]

On February 4, 2016, the state trial court denied the motions related to the sentence as meritless.[14] Shortly after, on February 16, 2016, the court denied the post-conviction application alleging ineffective assistance of counsel as meritless under Strickland v. Washington, 466 U.S. 668 (1984). Davenport sought review in separate writ applications to the Louisiana First Circuit.[15]

On March 22, 2016, the Louisiana Fourth Circuit denied without stated reasons Davenport's first writ application challenging denial of the two motions.[16] On April 5, 2016, the Louisiana Fourth Circuit denied Davenport's second writ application, finding

---

[12]St. Rec. Vol. 1 of 2, Application for Post-Conviction Relief (dated 1/19/16); Motion to Correct an Illegal Sentence (date 1/19/16); Motion for Clarification, 1/20/16 (dated 1/19/16).

[13]St. Rec. Vol. 1 of 2, Application for Post-Conviction Relief (dated 1/19/16).

[14]St. Rec. Vol. 1 of 2, Trial Court Judgment, 2/4/16.

[15]St. Rec. Vol. 1 of 2, Trial Court Judgment, 2/16/16.

[16]St. Rec. Vol. 2 of 2, 4th Cir. Order, 2016-K-0228, 3/22/16; 4th Cir. Writ Application Cover, 2016-K-0228, 3/7/16.

the post-conviction application repetitive under La. Code Crim. P. art. 930.4 and otherwise barred from post-conviction review under La. Code Crim. P. art. 930.3 and State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996).[17]

On August 4, 2017, the Louisiana Supreme Court denied Davenport's related writ application, finding the ineffective assistance at sentencing claims not cognizable on collateral review, citing La. Code Crim. P. art. 930.3 and Melinie, which were extended to apply to ineffective assistance during sentencing and habitual offender proceedings in State v. Cotton, 45 So.3d 1030 (La. 2010), and State v. Thomas, 19 So.3d 466 (La. 2009).[18]

## II.  FEDERAL HABEAS PETITION

On September 29, 2017, after correction of certain deficiencies, the clerk of this court filed Davenport's federal habeas corpus petition in which he asserts the following claims:[19] (1) He was denied effective assistance of counsel when counsel failed to investigate or object to the charges in the multiple bill. (2) The state trial court denied him an impartial determination of his ineffective assistance of counsel claim. (3) The state courts erred in denying his motion to correct an illegal sentence without a proper

---

[17]St. Rec. Vol. 2 of 2, 4th Cir. Order, 2016-K-0274, 4/5/16; 4th Cir. Writ Application Cover, 2016-K-0274, 3/21/16.

[18]State ex rel. Davenport v. State, 223 So.3d 522 (La. 2017); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2016-KH-0814, 8/4/17; La. S. Ct. Writ Application, 16-KH-814, 5/4/16 (dated 4/18/16).

[19]Rec. Doc. No. 3.

5

interpretation of the habitual offender statute. (4) The state trial court did not adhere to the Louisiana habitual offender laws when imposing the illegal sentence.

The State filed a response in opposition to Davenport's federal petition conceding its timely filing and exhaustion of state court review.[20] The State asserts, however, that Davenport's claims are procedurally barred from federal habeas review.

### III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[21] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Davenport's petition, which, for reasons discussed below, is deemed filed on August 14, 2017.[22] The threshold questions in habeas review under the amended statute

---

[20]Rec. Doc. No. 12.

[21]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[22]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Davenport's deficient petition on August 24, 2017, and the corrected petition was docketed September 18, 2017, after pauper status was granted. Davenport signed and dated the original petition on August

are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts and the record establishes that Davenport's claims are in procedural default and the petition should be dismissed for that reason.

IV.    PROCEDURAL DEFAULT

Davenport asserts that he was denied effective assistance of counsel during the multiple offender proceedings and the state courts erred in imposing an illegal habitual offender sentence and in refusing to correct the sentence. In reviewing these claims, the Louisiana Supreme Court procedurally barred its consideration under La. Code Crim. P. art. 930.3 and Melinie, which prohibit consideration of sentencing issues on post-conviction review, including ineffective assistance of counsel claims. The Louisiana Supreme Court extended that procedural bar to multiple offender proceedings in Cotton and Thomas.

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment. Coleman v.

---

14, 2017, which is the earliest date appearing in the record on which he could have submitted the pleadings to prison officials for mailing.

Thompson, 501 U.S. 722, 731-32 (1991); Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997); Amos v. Scott, 61 F.3d 333, 338 (5th Cir. 1995) (citing Harris v. Reed, 489 U.S. 255, 260, 262 (1989)). This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review. Amos, 61 F.3d at 338.

Procedural default does not bar federal court review of a federal claim in a habeas petition unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. Harris, 489 U.S. at 263; Glover, 128 F.3d at 902.

A. INDEPENDENT AND ADEQUATE

For the state law procedural bar to prevent review by this federal habeas court, the bar must be independent and adequate. A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar. Amos, 61 F.3d at 338. The United States Fifth Circuit has held that "[a] state court expressly and unambiguously bases its denial of relief on a state procedural default even if it alternatively reaches the merits of a [petitioner's] claim." Fisher v. Texas, 169 F.3d 295, 300 (5th Cir. 1999).

To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. Walker v. Martin, 562 U.S. 307, 316 (2011); Glover, 128 F.3d at 902. A state procedural rule "can be 'firmly

8

established' and 'regularly followed,' - even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." (citation omitted) Beard v. Kindler, 558 U.S. 53, 60-61 (2009). The question of the adequacy of a state procedural bar is itself a federal question. Beard, 558 U.S. at 60 (citing Lee v. Kemna, 534 U.S. 362, 375 (2002)).

The Louisiana Supreme Court expressly imposed the bar to post-conviction review of Davenport's claims pursuant to La. Code Crim. P. art. 930.3 and Melinie. In Melinie, the Louisiana Supreme Court ruled that, based on Article 930.3, claims of errors in sentencing which must be raised on direct appeal are not proper grounds for post-conviction review. The Louisiana Supreme Court has extended this bar to include challenges to multiple offender proceedings and sentences, including ineffective assistance of counsel claims. Thomas, 19 So.3d at 466. In Cotton, also cited by the court, the Louisiana Supreme Court explained that under Louisiana law "an habitual offender adjudication ... constitutes sentencing for purposes of Melinie and La. C. Cr. P. art. 930.3, which provides no vehicle for post-conviction consideration of claims arising out of habitual offender proceedings, as opposed to direct appeal of the conviction and sentence." Cotton, 45 So.3d at 1030.

This court has repeatedly held that La. Code Crim. P. art. 930.3, as interpreted by Melinie, Cotton and Thomas, are independent and adequate state grounds for dismissal barring federal habeas corpus review. See, e.g., Hull v. Stalder, 234 F.3d 706, 2000 WL

9

1598016, at *1 (5th Cir. Sep. 28, 2000) (Table, Text in Westlaw) (recognizing Art. 930.3 and Melinie to be independent and adequate state grounds); Reavis v. Hedgeman, Civ. Action No. 15-1982, 2015 WL 7307329, at *6-7 (E.D. La. Nov. 6, 2015) (article 930.3, Melinie, and Cotton are "independent" and "adequate"), adopted, 2015 WL 7306440 (E.D. La. Nov. 19, 2015); Thornton v. Rogers, No. 14-1243, 2015 WL 1012997, at *1 (E.D. La. Mar. 5, 2015) (article 930.3, Melinie, Cotton and Thomas are "independent" and "adequate") (order adopting report and recommendation); Williams v. Vannoy, No. 14-1914, 2015 WL 3505116, at *6-7 (E.D. La. June 3, 2015) (same); Williams v. Strain, Civ. Action No. 13-2998, 2014 WL 5305634, at *5-6 (E.D. La. Oct. 15, 2014) (same); Johnson v. Cain, No. 12-0621, 2012 WL 5363327, at *4 (E.D. La. Oct. 30, 2012) (same); Evans v. Cain, No. 11-2584, 2012 WL 2565008, at *6-8 (E.D. La. Mar. 14, 2012) (same), adopted, 2012 WL 2565001, at *1 (E.D. La. July 2, 2012).  Similarly, I find that the bar imposed under Article 930.3, Melinie, Cotton and Thomas is an independent and adequate bar to review of the merits of Davenport's claims.

The state court's ruling was based on Louisiana law establishing the procedural requirements for the presentation of post-conviction claims, including challenges to the multiple offender proceedings and sentence and the assistance of counsel during those proceedings. See Fisher, 169 F.3d at 300 (state courts' clear reliance on state procedural rule is determinative of the issue). The state court's reasons for dismissal of Davenport's

sentencing related claims therefore were independent of federal law and adequate to bar review of his claim in this court.

B.   CAUSE AND PREJUDICE

A federal habeas petitioner may be excepted from the procedural default rule only if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." Fisher, 169 F.3d at 301 (citing Coleman, 501 U.S. at 748-50); Amos, 61 F.3d at 338-39 (citing Harris, 489 U.S. at 262; Engle v. Isaac, 456 U.S. 107, 129 (1982)).

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). The mere fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. Id. at 486.

Davenport has offered no cause for his default that would excuse the procedural bar imposed by the Louisiana courts. The record does not support a finding that any factor external to the defense prevented him from asserting these claims in a procedurally proper manner. The record reflects no action or inaction by the State which prevented him from properly asserting these claims in the state courts.

The narrow exception created by the United States Supreme Court in <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012), does not provide cause to overcome the bar to review of Davenport's ineffective assistance of counsel claims. In <u>Martinez</u>, the Supreme Court held that a procedural bar imposed by state courts "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] <u>initial-review collateral proceeding</u>, there was no counsel or counsel in that proceeding was ineffective.'" (emphasis added) <u>Trevino v. Thaler</u>, 569 U.S. 413, 417 (2013) (quoting <u>Martinez</u>, 566 U.S. at 13). In <u>Trevino</u>, the Court emphasized that the <u>Martinez</u> exception also applies when a state's procedures make unlikely a meaningful review of an ineffective assistance of trial counsel claim on direct appeal and defers that review to collateral proceedings. <u>Trevino</u>, 569 U.S. at 417.

Unlike the claims and review procedures addressed in <u>Martinez</u> and <u>Trevino</u>, Louisiana law did <u>not</u> bar Davenport from asserting his ineffective assistance of counsel claim regarding the habitual offender proceeding on direct appeal; nor did it defer meaningful review of the claim to the collateral review process. Instead, the opposite is true; Louisiana law <u>required</u> Davenport to assert his claim of ineffective assistance of counsel during the habitual offender proceeding and sentencing on direct appeal or be barred from review if the claim was later asserted in a post-conviction collateral review.

As outlined above, Louisiana's well-settled doctrine under La. Code Crim. P. art. 930.3, and <u>Melinie</u> and its progeny, prohibit post-conviction review of challenges to all

12

sentencing errors, including those asserting ineffective assistance of counsel during sentencing and multiple offender proceedings. Cotton, 45 So.3d at 1030; State v. Nelson, No. 2010-KA-1445, 2011 WL 9165413, at *1 (La. App. 4th Cir. Apr. 27, 2011); Thomas, 19 So.3d at 466; State v. Dauzart, 89 So.3d 1214, 1222 (La. App. 4th Cir. 2012) (ineffective assistance of counsel for failure to object to the failure to file the multiple bill into the record "must be addressed on appeal because sentencing errors are not reviewable post-conviction."); State v. Jones, 80 So.3d 500, 502 (La. App. 2d Cir. 2011) (same); see also, Wallace v. Cain, No. 06-11271, 2009 WL 3367052 at *14 (E.D. La. Oct. 15, 2009) (claim of ineffective assistance of counsel during habitual offender proceeding must be raised on direct appeal) (order adopting report and recommendation). Instead, Louisiana law requires that these claims be asserted and considered on direct appeal. Cotton, 45 So.3d at 1031 (citing La. Code Crim. P. art. 912(C)(1)); Nelson, 2011 WL 9165413, at *1 (review of ineffective assistance of counsel at sentencing is to be considered on direct appeal since it is not available on post-conviction); State v. Smith, 734 So.2d 826, 834-835 (La. App. 4th Cir. 1999) (sentencing related ineffective assistance of counsel considered on direct appeal); State v. Burns, 723 So.2d 1013, 1016-1017 (La. App. 4th Cir. 1998) (same); see also, Cotton v. Cooper, No. 11-0231, 2011 WL 5025311, at *11 (E.D. La. Sep. 14, 2011) ("Sentencing issues, including claims of ineffective assistance of counsel during sentencing, may be challenged in state court via direct appeal."), adopted, 2011 WL 5025295, at *1 (E.D. La. Oct. 21, 2011).

Thus, Louisiana law required Davenport to assert his claims of ineffective assistance of counsel at the multiple offender proceeding and sentencing on direct appeal. This procedural requirement renders unavailable Martinez's equitable relief applicable to collateral review proceedings. See Williams, 2014 WL 5305634, at *7-8; Hughes v. Keith, No. 12-2841, 2014 WL 67587, at *12-13 (E.D. La. Jan. 8, 2014) (order adopting report and recommendation), affirmed, 647 F. App'x 292 (5th Cir. 2016); Holmes v. Cooper, No. 12-1350, 2013 WL 694073, at *10-11 (E.D. La. Jan. 22, 2013) (direct appeal not collateral review was the petitioner's initial opportunity to raise his claim of ineffective assistance of counsel at the multiple bill proceeding), adopted, 2013 WL 695352, at *1 (E.D. La. Feb 26, 2013).

Martinez itself was clear that its narrow exception applies only when "the State barred the defendant from raising the claims on direct appeal." Martinez, 566 U.S. at 17; cf., Banks v. Workman, 692 F.3d 1133, 1148 (10th Cir. 2012). That simply is not the case here. Unlike the situations addressed in Martinez and Trevino, there were no state laws prohibiting Davenport from asserting on direct appeal his claims of ineffective assistance of counsel during the multiple offender proceeding and sentencing (or rendering review of those claims unlikely on direct appeal). Had Davenport done so, review of the claims would not have been barred under La. Code Crim. P. art. 930.3 and the related case law.

14

Martinez and Trevino do not undermine the procedural bar imposed upon Davenport's post-conviction claims for ineffective assistance of counsel during the multiple bill proceeding and sentencing. Louisiana law did not bar and indeed required him to raise the claim on direct appeal, which he did not do. The requirement that he assert the claim on direct appeal, and without excuse for his failure to do so, precludes the equitable relief provided in Martinez and does not provide cause to excuse the procedural default of his claims. See Holmes, 2013 WL 694073, at *12.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." Hogue v. Johnson, 131 F.3d 466, 497 (5th Cir. 1997) (citing Engle, 456 U.S. at 134 n.43). Having failed to show an objective cause for his default, the court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice. Ratcliff v. Estelle, 597 F.2d 474 (5th Cir. 1979) (citing Lumpkin v. Ricketts, 551 F.2d 680, 681-82 (5th Cir. 1977)).

C.     FUNDAMENTAL MISCARRIAGE OF JUSTICE

A petitioner may avoid procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed. Hogue, 131 F.3d at 497 (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)). To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence." Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986); accord Murray, 477 U.S. at 496; Glover, 128 F.3d at 902. To satisfy the factual

15

innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. Campos v. Johnson, 958 F. Supp. 1180, 1195 (W.D. Tex. 1997) (footnote omitted); see Nobles, 127 F.3d at 423 n.33 (actual innocence requires a showing by clear and convincing evidence that, "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."). When the petitioner has not adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception. Glover, 128 F.3d at 903.

Davenport presents no argument and the record contains nothing to suggest his actual innocence on the underlying convictions. He has failed to overcome the procedural bar, and his claims must be dismissed with prejudice as procedurally barred.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Levar E. Davenport's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[23]

New Orleans, Louisiana, this ___18th___ day of June, 2018.

                                        JOSEPH C. WILKINSON, JR.
                                        UNITED STATES MAGISTRATE JUDGE

---

[23]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.